Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KAREN SHIELDS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CREDIT ONE BANK, N.A.; CREDIT ONE FINANCIAL, a Nevada Corporation; SHERMAN FINANCIAL GROUP, LLC, a Delaware Limited Liability Company,<br><br>　　　　　Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>DISABILITY DISCRIMINATION, RETALIATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT<br><br>JURY DEMAND |

Plaintiff KAREN SHIELDS ("Plaintiff" or "Shields") alleges as follows:

1.　　This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA").  Jurisdiction is predicated under this code section as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.　　At all relevant times, Defendants CREDIT ONE BANK, N.A.; CREDIT ONE FINANCIAL, a Nevada Corporation; SHERMAN FINANCIAL GROUP, LLC, a Delaware

1

Limited Liability Company (hereinafter "Credit One" or "Defendant") employed twenty (20) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and they are therefore subject to the provisions of the ADA.

3. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

4. Plaintiff, Shields, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Credit One. Defendant is an employer within the meaning of *42 USC §12111(5)(A)*.

## EXHAUSTION OF REMEDIES

6. Plaintiff timely filed a "Charge of Discrimination" with the Nevada Equal Rights Commission and Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on March 5, 2019, a copy of which is attached to Complaint as Exhibit "A".

## STATEMENT OF FACTS

7. Plaintiff was employed as a Human Resources Generalist from November 30, 2017 to June 22, 2018.

8. At the end of January 2018 it was suspected that Shields had bone cancer in her right shoulder that had metastasized from somewhere else which resulted in a bone biopsy surgery being performed on April 20, 2018 in which a 10 inch incision and a large section of the bone in Plaintiff's upper right arm was removed.

9. Thereafter on May 3, 2018, Shields received the results of the bone biopsy which found everything was benign.

10. On April 19, 2018 Shields was approved for an unpaid medical leave of absence as an accommodation under the ADA because she did not qualify for Family Medical Leave ("FML").

11. On or about April 10, 2018 Plaintiff's treating physician/oncologist/surgeon completed an ADA Employee Accommodation Medical Certification Form provided by Credit One which stated that Shields would not be able to return to work until 8 weeks after the surgery or until around June 20, 2018. This form was forwarded to Defendant.

12. After her medical leave of absence started, Plaintiff received multiple texts, calls and emails stating how much she was missed and that they could not wait for Shields to return. Plaintiff even received a flower arrangement from the HR department after her bone biopsy was completed.

13. During this time Shields was never contacted nor given information or costs regarding paying the employee portion of her monthly healthcare premium during the time she was on an unpaid leave of absence. Plaintiff had to contact Credit One to coordinate the payment of her portion of the monthly healthcare premiums out of fear of losing her healthcare coverage which had become "past due."

14. Also during this time Shields qualified for Short Term Disability but was denied Long Term Disability because she believes Capital One told the Long Term Disability carrier that Plaintiff did not have a job to go back to.

15. On June 18, 2018, Shields' physician/surgeon had extended her return to work date until July 12, 2018 and Plaintiff informed Defendant of this extension of her leave of absence.

16. Thereafter on June 21, 2018 the HR Assistant Vice President called Plaintiff and asked her to come in to the Credit One HR office the next day. Shields asked if she was being fired and was told no that they needed Plaintiff to come in the next day regarding her healthcare premium.

17. On June 22, 2018 when Plaintiff arrived at the Credit One HR office she was told

that she was being terminated due to the elimination of her position as a Human Resources Generalist.

18. In fact her job duties were just redistributed to other employees and this was just a way for Credit One to find a way to terminate Plaintiff's employment. This was nothing more than a pretext for terminating Shields while her doctor still had her on medical leave. In fact, during this time Defendant hired several other employees.

19. Finally on June 30, 3018, Plaintiff's healthcare coverage was terminated so Shields had to discontinue her physical therapy sessions and had to cancel her last follow-up session on September 6, 2018 with her physician/oncologist.

## CAUSE OF ACTION

### (For Disability Discrimination, Retaliation and Failure to Accommodate in Violation of the ADA)

20. Plaintiff Shields incorporates the allegations set forth in paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. As set forth hereinabove, at the end of January 2018 it was suspected that Shields had bone cancer in her right shoulder that had metastasized from somewhere else. Although a bone biopsy showed everything was benign, this still was a physical impairment under the ADA.

22. Thus while in its active state, Plaintiff's physical impairment substantially limited major life activities including caring for herself, performing manual tasks, sleeping, thinking, communicating and working, among other major life activities. In addition operation of bodily functions, including but not limited to, functions of the immune system and normal cell growth are substantially limited for someone with cancer. Thus Shields was disabled under the ADA.

23. Once Credit One determined Plaintiff was disabled under the ADA, they had a mandatory duty under the law to interact with Shields to find a reasonable accommodation(s).

24. Although Defendant initially granted Plaintiff's leave of absence under the ADA until June 20, 2018 per her doctor's order, Credit One had a continuing duty under the ADA to

4

extend Shields' medical leave of absence until she was able to return to her job unless it would result in an indefinite leave of absence or it would cause an undue hardship to Defendant.

25. Here there are not facts which would even remotely support that a short extension to Plaintiff's medical leave of absence (for approximately 22 days) would result in an indefinite leave of absence or cause an undue hardship to Credit One.

26. Finally Defendant retaliated against Plaintiff because of her continued requests for accommodations under the ADA and chose to terminate her employment instead of providing her an accommodation which she needed and was entitled to under the ADA.

27. Thus because Defendant chose not to follow the existing law under the ADA and instead chose to terminate Plaintiff's employment on June 22, 2018, they are liable to Plaintiff for damages under the ADA.

28. As a direct, foreseeable, and legal result of the Defendant's disability discrimination, retaliation and failure to accommodate Plaintiff's disability, Shields has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

29. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination, retaliation and failure to accommodate Plaintiff's disability, Shields has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

30. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

31. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

32. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shields demands judgment against Defendant Credit One as follows:

1. Declaring that the acts and practices complained of herein are a violation of the ADA;

2. Enjoining and permanently restraining the violations by Defendant of the ADA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED:  6/2/2019                    LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
      Michael P. Balaban
      LAW OFFICES OF MICHAEL P. BALABAN
      10726 Del Rudini Street
      Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161-B (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Karen Shields  
3830 Longs Peak Court  
Las Vegas, NV 89103

From: Los Angeles District Office  
255 E. Temple St. 4th Floor  
Los Angeles, CA 90012

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2018-01266 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Rosa M. Viramontes,  
District Director

March 5, 2019  
*(Date Mailed)*

Enclosures(s)

cc: Barbara A. Hoerner, Esq.  
V.P. Associate General Counsel  
CREDIT ONE BANK  
6801 S. Cimarron Rd.  
Las Vegas, NV 89113