**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAREN SHIELDS,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A., et al.,<br><br>    Defendants. | Case No.: 2:19-cv-00934-JAD-NJK<br><br>**REPORT & RECOMMENDATION**<br><br>(Docket No. 20) |

Pending before the Court is Defendant Credit One Bank, N.A.'s motion to dismiss. Docket No. 20. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 20, 27, 30. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the Court **RECOMMENDS** that Defendant's motion be **GRANTED** and that Plaintiff's amended complaint be **DISMISSED** without leave to amend.

## I.    BACKGROUND

On June 2, 2019, Plaintiff initiated this case by complaint. Docket No. 1. On June 25, 2019, Defendant Credit One Bank, N.A. ("Defendant") moved to dismiss Plaintiff's complaint. Docket No. 5. On July 29, 2019, after the motion was fully briefed, United States District Judge Jennifer A. Dorsey held a hearing, during which she granted the motion to dismiss with leave to amend. Docket No. 10. Judge Dorsey found that the complaint failed to contain a "sufficient statement of actual facts that describe the nature and severity and impact of [Plaintiff's] conditions, this disability, and how that limits her major life activities," specifically during the period of June 20, 2018 through July 12, 2018. Docket No. 15 at 17. Judge Dorsey further found that the claim was unclear and failed to allege facts tied to every element of the alleged cause of action. *Id*. Judge Dorsey allowed Plaintiff ten days to amend her complaint. Docket No. 10.

On August 8, 2019, Plaintiff filed her first amended complaint. Docket No. 16. On July 22, 2019, Defendant filed the instant motion to dismiss Plaintiff's first amended complaint. Docket No. 20.

Plaintiff's first amended complaint alleges that the instant case involves an American with Disabilities Act ("ADA") claim that arises from her employment at Credit One Bank. Docket No. 16 at 1-2. Plaintiff alleges that, in January 2018, it was suspected that she had bone cancer. *Id.* at 3. Plaintiff further alleges that, on April 20, 2018, she underwent a bone biopsy on her shoulder and arm. *Id.*

Plaintiff alleges that, on April 27, 2018, her doctor completed an ADA Employee Accommodation Medical Certification Form, which Plaintiff provided to Defendant. *Id.* Plaintiff alleges that her doctor found that she was substantially limited by a medical condition or accompanying treatment in the major life activities of sleeping, lifting, writing, pushing, pulling, and manual tasks. *Id.* at 3, 13. Plaintiff further alleges that her doctor found that, based on Plaintiff's job requirements (many of which require hand and arm use), Plaintiff would remain unable to perform her essential job functions until June 20, 2018. *Id.* Plaintiff alleges that she was unable to fully use her right shoulder, arm, and hand, including "lifting, pushing[,] and pulling things with her shoulder, arm[,] and hand, typing on a computer keyboard or otherwise, handwrite, or even tie her shoes or lift a hair dryer to dry her hair." *Id.* at 3. Plaintiff further alleges that Defendant approved her for an unpaid medical leave of absence under the ADA[1] until June 20, 2018. *Id.* at 3–4.

Plaintiff's amended complaint further alleges that, on May 3, 2018, she learned from her biopsy results that she did not have bone cancer. *Id.* at 4. Plaintiff alleges that, on June 18, 2018, Plaintiff's doctor extended Plaintiff's return-to-work date until July 12, 2018, stating that "Patient has an appointment on 7/10[,] at which a return to work date will be discussed. Unable to work until appointment." *Id.* at 4, 21. Plaintiff alleges that she told Defendant about the extension of her leave of absence the same day. *Id.* at 4. Plaintiff further alleges that, during "the extension of her leave of absence, [she] still was unable to fully use her right shoulder, arm[,] and hand as set forth above." *Id.* Plaintiff also alleges that she was unable to complete certain activities "[d]uring this time," without defining what she means by "this time." Docket No. 16 at 6. The activities

---

[1] Plaintiff alleges that she did not qualify for Family Medical Leave. *Id.* at 4.

she alleges she was unable to complete are the same activities she alleges she was unable to complete for the two months following her bone biopsy. *See id*. at 3, 6.

Plaintiff alleges that, on June 22, 2018, Defendant terminated her and told her that her job had been eliminated. *Id*. at 5. Plaintiff alleges that Defendant did not, in fact, terminate her position, but instead redistributed her duties to other employees and that Defendant simply told her that her position was terminated as a pretext to terminate her employment while she was on medical leave. *Id*.

## II.    STANDARDS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts accept all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018). To avoid dismissal, the complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must show that there is facial plausibility to the claim. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts consider various factors in analyzing such a request, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *E.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052. (9th Cir. 2003) (*per curiam*). Futility alone justifies denial of leave to amend. *E.g., Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Courts are within their discretion to deny leave to amend on the basis of futility when the movant fails to specify any additional facts that could be pled to state a claim. *See Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152, 1163 (D. Nev. 2009); *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th

Cir. 1995) (leave to amend may be denied where the plaintiff "presents no new facts" to be pled). Similarly, leave to amend is properly denied when the party makes clear that any facts to plead a claim are potentially available only if she first obtains discovery. *See, e.g.*, *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 & n.7 (9th Cir. 2014). Finally, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

## III.    ANALYSIS

Defendant submits that Plaintiff's first amended complaint fails to state a claim for relief. Docket No. 20. Specifically, Defendant submits that the first amended complaint contains only "naked assertions and conclusory statements that Plaintiff asserts in the form of factual allegations." Docket No. 20 at 5. Further, Defendant submits that Plaintiff has not plead any chronic residual effects from the bone biopsy that she underwent in April 2018. *Id*. at 8. Defendant submits that, not only has Plaintiff failed to support her assertion that undergoing a bone biopsy constitutes an impairment and her conclusion of law that she was covered under the ADA, but she has provided only the fact that she had a doctor's appointment on July 10, 2018, as the reason for additional leave. *Id*. Defendant therefore submits that Plaintiff's first amended complaint fails to establish that she was disabled within the meaning of the ADA and asks the Court to dismiss it with prejudice. *Id*. at 8-9.

In response, Plaintiff submits that she has sufficiently plead her claim and that, if Defendant or its attorneys "think that the time [Plaintiff's] doctor gave her … was not supported by her physical impairment then that is what discovery is for." Docket No. 27 at 2. Plaintiff submits that she has plead that she was unable to use her right shoulder, arm, and hand, and asks what else can be plead. *Id*. at 2-3, 9. Plaintiff further submits that, even if she was only physically impaired for a short time, if the physical impairment substantially limited her in a major life activity, she is still considered disabled under the ADA. *Id*. at 3. Plaintiff therefore submits that she has "plausibly plead that she was arguably substantially limited in the major life activities other than working." *Id*. at 9. Plaintiff further submits that working is a major life activity and that she has plausibly

plead that she was substantially limited in performing the activity of working due to the April 27, 2018 letter from her doctor. *Id*. at 11. Plaintiff additionally submits that her doctor's extension of her return to work date until July 12, 2018, constitutes a plausible pleading that she was unable to perform the activity of working. *Id*. at 11-12. Finally, Plaintiff asks the Court to sanction Defendant for bringing the instant motion to dismiss. *Id*. at 13-14.

In reply, Defendant submits that Plaintiff has failed to plead a plausible claim for relief. Docket No. 30 at 2. Specifically, Defendant submits that any impairment that causes an employee to not work for any length of time does not automatically constitute a disability under the ADA. *Id*. at 3. Defendant submits that Plaintiff cannot base her claim plausibility on the assertion that working is a major life activity while ignoring the "physical impairment" and "substantial" portions of the definition of disability. *Id*. Defendant again submits that Plaintiff has plead only a "temporary, non-chronic impairment of short duration with little or no residual effects." *Id*. Such impairment, Defendant submits, does not substantially limit a major life activity. *Id*. at 3-4. Defendant submits that the limitations plead by Plaintiff failed to change at all after two months of recovery from her bone biopsy, which is not plausible. *Id*. at 4-5. Further, Defendant submits that Plaintiff has failed to allege that she had any lasting effects after July 10, 2018. *Id*. at 5. Accordingly, Defendant submits, Plaintiff was not disabled under the ADA. *Id*. Finally, Defendant submits that it filed the instant motion to dismiss in good faith and, therefore, sanctions are not warranted. *Id*. at 5-6.

Plaintiff's first amended complaint contains two causes of action, disability discrimination and failure to accommodate in violation of the ADA, combined in a single claim. In so fashioning her claim, Plaintiff failed to follow Judge Dorsey's clear instructions from the hearing on Defendant's first motion to dismiss. Judge Dorsey stated:

> [I]f you only have one cause of action, one ADA theory, make it very clear what it is. If it's failure to accommodate, make sure that it's failure to accommodate. Cut out the retaliation aspect of this if you don't have a retaliation claim or if you're not intending to state a retaliation claim. … [M]ake sure you go back through and [] have facts [for] every element of a failure to accommodate in violation of the ADA claim.

Docket No. 15 at 17.  Plaintiff did remove the retaliation aspect of her claim in her amended complaint.  However, Plaintiff still asserts a muddled claim, alleging both discrimination and failure to accommodate, and blending the facts alleged to try to make out her claim under both theories.  Plaintiff, therefore, clearly failed to correct the deficiencies noted by the Court.

Further, to state a claim under the ADA for discrimination or failure to accommodate, a plaintiff must allege, *inter alia*, that "[she] is disabled within the meaning of the ADA." *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000).

An "employee is disabled if . . . her physical or mental impairment substantially limits one or more of the major life activities." *Braunling*, 220 F.3d at 1157.  A disability "shall be construed in favor of broad coverage of individuals[,]" and a disability finding "should not demand extensive analysis." *Curley v. City of N. Las Vegas*, 2012 WL 1439060, at *3 (D. Nev. Apr. 25, 2012) (citing 42 U.S.C. § 12102(4)(A) & 29 C.F.R. § 1630.1(c)(4)) (internal quotation marks omitted).

EEOC regulations provide that, to qualify as a disability for the ADA, "an impairment need only 'substantially limit[] the ability of an individual to perform a major life activity as compared to most people in the general population.  An impairment need not prevent, or significantly restrict, the individual from performing a major life activity [] to be considered substantially limiting.'" *Id.* (citing 29 C.F.R. § 1630.2(j)(1)(ii)).  "Further, 'substantially limits' is 'not meant to be a demanding standard' and 'shall be construed broadly in favor of expansive coverage.'" *Id.* (citing 29 C.F.R. § 1630.2(j), (k)).

Further, EEOC guidance provides that, to determine "whether an individual is substantially limited in a major life activity," courts should consider: "(i) the nature and severity of the impairment, (ii) the duration or expected duration of the impairment; and (iii) the permanent or long-term impact, or the expected permanent or long-term impact resulting from the impairment." *Curley*, 2012 WL 1439060, at *3 (citing 29 C.F.R. § 1630.2(j)) (internal quotations omitted).

Defendant submits that Plaintiff has pled, at most, merely "a temporary, non-chronic impairment of short duration with little or no residual effects."  Docket No. 30 at 3.  The Court

6

agrees.  Further, Plaintiff has failed to correct the factual deficiency noted by Judge Dorsey during the hearing on the motion to dismiss her original complaint – her first amended complaint again fails to contain a sufficient statement of actual facts that describe the nature and severity and impact of her conditions, this disability, and how it limits her major life activities, specifically during the period of June 20, 2018 through July 12, 2018.  Instead, Plaintiff merely copies the statement made by her doctor for the period directly after the bone biopsy.  The Court agrees with Defendant that Plaintiff's contention that her limitations had not changed in any way in the two months following her bone biopsy is not plausible and that she has not demonstrated that her limitations, which appear to be a temporary, non-chronic effect of recovering from her bone biopsy, do not meet the definition of a disability under the ADA.  The Court finds that Plaintiff's first amended complaint contains no more than conclusory statements and fails to state a plausible claim for relief.

Judge Dorsey engaged in a hearing with counsel on Defendant's first motion to dismiss. At that time, Judge Dorsey had a frank discussion with Plaintiff's counsel regarding the deficiencies in the complaint and the manner in which to correct those deficiencies.  Nonetheless, Plaintiff has failed to correct the noted deficiencies.  As Plaintiff has already been given the opportunity to amend her complaint and failed to correct the specific deficiencies pointed out to her counsel, the Court finds that she should not be given a second opportunity.  *See San Pedro Boat Works*, 635 F.3d at 454.

**IV.    CONCLUSION**

For the reasons stated above, the Court **RECOMMENDS** that Defendant's motion to dismiss, Docket No. 20, be **GRANTED** and that Plaintiff's amended complaint be **DISMISSED** without leave to amend.  Further, the Court **RECOMMENDS** that Plaintiff's request for sanctions be **DENIED**.

Dated: January 10, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **<u>NOTICE</u>**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).    A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.    Local Rule IB 3-2(a).    Failure to file a timely objection may waive the right to appeal the district court's order.    *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).