# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KAREN SHIELDS,

    Plaintiff,

v.

CREDIT ONE BANK, N.A., et al.,

    Defendants.

Case No. 2:19-cv-00934-JAD-NJK

**ORDER**

[Docket No. 65]

Pending before the Court is Defendants' motion for clarification.  Docket No. 65.  Plaintiff filed a response, Docket No. 66, and Defendants filed a reply, Docket No. 68.  This motion is properly resolved without a hearing.  *See* Local Rule 78-1.

**I.**    **Background**

Defendants' motion asks the Court to clarify what discovery the parties may conduct under the Court's recent scheduling order.  Docket No. 65 at 2.  *See also* Docket No. 64 (scheduling order).

On January 14, 2020, the Court stayed discovery pending resolution of Defendants' motion to dismiss Plaintiff's first amended complaint.  Docket No. 45.  On March 18, 2020, Defendants' motion was granted and this case was dismissed with prejudice.  Docket No. 50.  Plaintiff appealed the dismissal.  *See* Docket No. 54.  The Ninth Circuit reversed the dismissal and ordered the case remanded for further proceedings.  *See* Docket Nos. 56 (Ninth Circuit opinion), 57 (mandate), 58 (order).  On November 28, 2022, the parties filed a new joint proposed discovery plan.  Docket No. 62.  Their joint proposed discovery plan indicated that there was a dispute between the parties regarding the proper scope of any remaining discovery.  *Id.* at 3-4.  The Court granted the joint proposed discovery plan without addressing the disputed scope of discovery.  Docket No. 64.

Prior to the imposition of the stay, the parties had already conducted discovery.  *See* Docket No. 65 at 3-4.  Both Plaintiff and Defendants requested extensions to the discovery deadlines set

by the Court. *See* Docket Nos. 34, 36. The Court granted Defendants' request to extend the time to conduct the depositions of Plaintiff and Plaintiff's orthopedic surgeon.[1] Docket No. 35. Further, the Court granted in part and denied in part Plaintiff's extension request. Docket No. 39. The Court found that Plaintiff had not been diligent in conducting discovery and, therefore, no extension was warranted. *Id.* at 2-3. However, as one time courtesy to Plaintiff, the Court extended the deadline for Plaintiff to complete the depositions of four of Defendants' employees: Ann Krutchik, Vera Yanez-Tourney, Chistyne Riggs, and Megan Lago. *Id.* at 3. The Court thereafter warned that "[n]o further extensions would be granted." *Id.*[2]

## II. Discussion

Defendants submit that the Court's prior order limiting the remaining discovery to the above-referenced depositions is still effective. Docket No. 65 at 3-4. Plaintiff submits that, because this case was dismissed and then reopened, any prior orders were vacated and discovery can now proceed without restriction. Docket No. 66 at 4-5.

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Plaintiff cites no legal authority for the proposition that a case being remanded upon appeal automatically vacates prior orders in that case. Further, the Court has already found that Plaintiff was not diligent in conducting discovery and Plaintiff presents no reasons to disturb that finding. Accordingly, the Court finds that the previous orders limiting the remaining discovery that may be conducted are still effective. *See* Docket Nos. 35, 39. *See also Burnham v. United States*, 544 Fed. Appx. 660, 660 (9th Cir. 2013) (concluding that, because the plaintiff was not diligent in meeting discovery deadlines, district court did not abuse its discretion in declining to modify the scheduling order on remand to allow for additional discovery). *Cf. Millenkamp v. Davisco Foods Intern., Inc.*, 448 Fed. Appx. 720, 721 n.1 (9th Cir.

---

[1] The Court previously granted an extension for Defendants to depose Plaintiff's physical therapist. Docket No 35 at 5-6. Defendants' motion for clarification indicates that they are only seeking to depose Plaintiff and Plaintiff's orthopedic surgeon. Docket No. 65 at 4. Accordingly, the Court excludes Plaintiff's physical therapist from this order.

[2] The Court's order staying discovery pending resolution of the motion to dismiss likewise recognized that the only discovery remaining was six depositions and that no additional discovery will occur in this case. Docket No. 45 at 2.

2011) (stating that district court did not abuse its discretion in declining to modify the prior scheduling order after a case was remanded from the Ninth Circuit).

### III. Conclusion

For the reasons more fully discussed above, the Court **GRANTS** Defendants' motion for reconsideration. Docket No. 65. The depositions of Plaintiff, Plaintiff's orthopedic surgeon, Ann Krutchik, Vera Yanez-Tourney, Chistyne Riggs, and Megan Lago are the only depositions that may be taken. No other discovery may be conducted in this case.

IT IS SO ORDERED.

DATED: January 13, 2023.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE