Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Dana B. Salmonson
Nevada Bar No. 11180
dana.salmonson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant Credit One Bank, N.A.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAREN SHIELDS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CREDIT ONE BANK, N.A.; CREDIT ONE FINANCIAL, a Nevada Corporation; SHERMAN FINANCIAL GROUP, LLC, a Delaware Limited Liability Company,<br><br>　　　　　Defendants. | CASE NO.: 2:19-cv-00934-JAD-NJK<br><br>**ORDER TO<br>EXTEND DISCOVERY DEADLINES**<br><br>(*Fifth Request*) |

　　　　Pursuant to LR IA 6-1, LR IA 6-2 and LR 26-4, Defendant Credit One Bank, N.A. ("Defendant") and Plaintiff Karen Shields ("Plaintiff"), by and through their undersigned counsel, hereby submit this joint request for an extension of the discovery cut-off and related deadlines contained in the previously issued Order. (ECF No. 64.)  The current discovery cut-off is February 22, 2023 (for the limited purpose of taking depositions).  The parties are seeking a sixty (60) day extension of this deadline up to an including April 24, 2023 (as the 60th day is a Saturday) as there have been scheduling challenges coordinating the remaining depositions.

　　　　This is the parties' fifth request to amend the scheduling order.  The first request was filed

on December 2, 2019 (ECF No. 34) and was granted on December 11, 2019 (ECF No. 35[1]). The second request was filed on January 9, 2020 (ECF No. 41) and was granted on January 10, 2020 (ECF No. 42). The third request was via a Stipulation and Order to Stay Discovery filed on January 13, 2020 (ECF No. 44) and was granted on January 14, 2020 (ECF No. 45). The fourth request was via a Proposed Discovery Plan and Scheduling Order pursuant to Minutes of Proceedings (ECF No. 59). It was filed on November 23, 2022 (ECF No. 62) and was granted on November 28, 2022 (ECF No. 64).[2]

Good cause exists to extend the discovery cut-off in this matter. The parties have been working with one another to coordinate taking the remaining six (6) witness depositions. However, given witness availability and counsels' scheduling conflicts, the parties are unable to complete these depositions in advance of the February 22, 2023 close of discovery deadline.

## I.   Discovery Completed To Date

Defendant served its Initial Disclosures on August 15, 2019. On November 4, 2019 and November 25, 2019, Defendant supplemented its Initial Disclosures to include documents received in response to subpoenas sent to Plaintiff's prior employers and Plaintiff's medical providers. Plaintiff served her Initial Disclosures on or about August 17, 2018. Defendant issued nine (9) Subpoenas Duces Tecum to Plaintiff's medical providers as well as past and present employers. Defendant received responses to the Subpoenas, in addition to documents obtained from the EEOC, and produced the same to Plaintiff. Defendant propounded its First Set of Requests for Production of Documents and Interrogatories to Plaintiff on or about August 21, 2019 to which Plaintiff responded on or about September 10, 2019. Defendant served a Second Set of Requests for Production of Documents and Interrogatories to Plaintiff on or about November 19, 2019 to which

---

[1] Plaintiff also filed a Motion to Extend Discovery on December 12, 2019 (ECF No. 36); Defendant filed its Response on December 19, 2019 (ECF No. 37) and the Court granted it in part on January 2, 2020. (ECF No. 39).

[2] Defendant filed a Motion for Clarification of the Court's Order on December 16, 2022 requesting clarification as to the scope of remaining discovery. (ECF No. 65.) The Court granted the Motion on January 13, 2023 and confirmed that the only remaining discovery allowed was for the sole purpose of the depositions previously noted. (ECF No. 70).

Plaintiff responded on or about December 21, 2019.

Defendant conducted the deposition of Plaintiff's physical therapist on January 7, 2020.

Plaintiff set the depositions of four (4) of Defendant's employees; however, three (3) of the employees are no longer employed with Defendant.

Defendant has requested Plaintiff's deposition availability.

Defendant has scheduled the deposition of Plaintiff's orthopedic surgeon for February 14, 2023; however, Defense counsel is working with the surgeon's office on his availability.

### III. Remaining Discovery To Be Completed

The following discovery remains outstanding:

- Plaintiff wishes to take the depositions of four (4) of Defendant's employees which were previously scheduled for January 14, 2020 and January 16, 2020.
- Defendant wishes to take the deposition of Plaintiff which was previously scheduled for January 31, 2020. Defendant also wishes to take the deposition of Plaintiff's orthopedic surgeon which was previously scheduled for February 4, 2020.

### IV. Reason Discovery Was Not Completed

For the reasons discussed above, the parties have been diligently working with one another to schedule the various outstanding depositions. Unfortunately, given that the majority of the witnesses Plaintiff wishes to depose are no longer employed with Defendant, the parties have had challenges in coordinating and scheduling the same. As such, additional time is necessary to complete the remaining six (6) depositions.

### V. Revised Proposed Discovery Plan

All discovery in this case has and will continue to be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. The parties propose to the Court the following cut-off dates:

a. **Discovery Cut-off Date:** The discovery cut-off deadline shall be **April 24, 2023**.

b. **Dispositive Motions:** The deadline to file dispositive motions will be **May 23, 2023.** The deadline to file oppositions will be **June 22, 2023** (30 days after dispositive motion deadline) and replies shall be due twenty-one days later on **July 13, 2023.**

3

     **c.**    **Pretrial Order:** The Pretrial Order shall be filed no later than **JUNE 22, 2023** in accordance with LR 26-1(b)(5). In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

| | |
|---|---|
| DATED this 1st day of February, 2023. | DATED this 1st day of February, 2023. |
| LAW OFFICES OF MICHAEL P. BALABAN | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| /s/ Michael P. Balaban | /s/ Dana B. Salmonson |
| Michael P. Balaban<br>Nevada Bar No. 9370<br>10726 Del Rudini Street<br>Las Vegas, NV 89141<br>*Attorneys for Plaintiff* | Anthony L. Martin<br>Nevada Bar No. 8177<br>Dana B. Salmonson<br>Nevada Bar No. 11180<br>10801 W. Charleston Blvd<br>Suite 500<br>Las Vegas, NV 89135<br>*Attorneys for Defendant* |

## ORDER

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

February 2, 2023
DATE